Lawrence M. MARTIN, Petitioner— Appellant,

v.

Doug WADDINGTON, Respondent— Appellee.

No. 03–35823.
D.C. No. CV–03–00540–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Dec. 13, 2004.

Lawrence M. Martin, Aberdeen, WA, pro se.

Diana Margarita Sheythe, AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

**226**

## MEMORANDUM**

The district court correctly concluded that the Washington Supreme Court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in denying relief on Martin's habeas claim of ineffective assistance of counsel.

 Martin argues that the *Strickland* test is inapplicable to his claim and that prejudice should be presumed under *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Given the vigorous defense Martin's counsel raised for the most serious charges, rape and kidnapping, it is not a reasonable reading of *Cronic* to say that counsel "entirely" failed to subject the prosecution's case to meaningful adversarial testing by conceding guilt on the least serious charge. *Cf. Bell v. Cone*, 535 U.S. 685, 697–98, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (failure to adduce mitigating evidence and waiver of closing argument "are plainly of the same ilk as other specific attorney errors we have held subject to *Strickland's* performance and prejudice components.").

Under *Strickland*, Martin's defense counsel did not render ineffective assistance of counsel by conceding guilt of the least serious charge and making some disparaging remarks about his client. Conceding guilt of promoting prostitution was strategic because the charge was supported by overwhelming evidence, and the concession provided an avenue to gain credibility with the jury to more effectively argue that the State had not met its burden on the two more serious charges. Indeed, this tactic apparently succeeded because defense counsel convinced the jury to find Martin not guilty of first degree kidnapping (finding the lesser included offense of unlawful imprisonment instead). Thus, counsel's closing argument concession was a tactical decision given deference under *Strickland*. *See United States v. Swanson*, 943 F.2d 1070, 1075–76 (9th Cir. 1991) ("in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges.").

 Similarly, defense counsel's closing remarks calling Martin not a "very nice guy" and admitting that he did some "awful," "rotten" things was strategic to separate the jury's opinion of Martin's character and their determination of whether the government had proven each crime beyond a reasonable doubt. Thus, counsel was well within the broad range of reasonable representation. *See Yarborough v. Gentry*, 540 U.S. 1, 9, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (calling client a "bad person, lousy drug addict, stinking thief, jail bird," not ineffective assistance of counsel because "[b]y candidly acknowledging his client's shortcomings, counsel might have built credibility with the jury and persuaded it to focus on the relevant issues in the case."); *Wade v. Calderon*, 29 F.3d 1312, 1319 (9th Cir.1994) (counsel telling jury that he told his wife that he was not "defending" his client but "representing" him and that he thought crime was horrible not ineffective assistance because counsel used tactic to focus jury on lack of intent to kill).

**AFFIRMED.**

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.